UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| BRIAN J. C., <br><br> Plaintiff, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No.: 1:24-cv-00155-REP <br><br> **MEMORANDUM DECISION AND ORDER** |

Pending is Plaintiff Brian J. C.'s Complaint (Dkt. 1), appealing the Social Security Administration's denial of his disability claim. This action is brought pursuant to 42 U.S.C. § 405(g). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## I. ADMINISTRATIVE PROCEEDINGS

On February 17, 2021, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning February 5, 2019. This application was originally denied on September 2, 2021, and again on reconsideration on March 3, 2022. On or around April 16, 2022, Plaintiff filed a Request for Hearing before an Administrative Law Judge ("ALJ"). On August 8, 2023, ALJ Laureen Penn held a telephonic hearing, at which time Plaintiff, represented by his attorney Brad Parkinson, testified.

The ALJ held a supplemental telephonic hearing on August 16, 2023 to obtain new vocational expert testimony (the Dictionary of Occupational Title ("DOT") job

**MEMORANDUM DECISION AND ORDER - 1**

codes provided at the August 8, 2023 hearing were incorrect). Again, Plaintiff, represented by Mr. Parkinson, testified. Janice L. Bending, an impartial vocational expert, also appeared and testified at the August 16, 2023 hearing.

On August 28, 2023, the ALJ issued a decision denying Plaintiff's claims. The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act.[1] Plaintiff timely requested review from the Appeals Council. On February 5, 2024, the Appeals Council denied Plaintiff's Request for Review, making the ALJ's decision the final decision of the Commissioner of Social Security.

Having exhausted his administrative remedies, Plaintiff brings this case. He raises a single point of error: "the ALJ legally erred by rejecting [his] allegations, relative to his manipulative limitations, without providing adequately-articulated reasons for doing so, as required by SSR 16-3p and the law of this Circuit." Pl.'s Brief at 1, 9-13 (Dkt. 18). Plaintiff in turn requests that the Court reverse the ALJ's decision and remand for further proceedings. *Id.* at 14.

## II.  STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017). Findings as to any question of fact, if supported by substantial evidence, are conclusive. *See* 42 U.S.C. § 405(g). If there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is

---

[1] Due to the incorrect DOT job codes provided at the August 8, 2023 hearing, the ALJ's August 28, 2023 decision did not rely on the vocational expert testimony presented at that earlier hearing. AR 15.

**MEMORANDUM DECISION AND ORDER - 2**

conflicting evidence. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla but less than a preponderance. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision will only be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent

**MEMORANDUM DECISION AND ORDER - 3**

with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

### III. DISCUSSION

A.   **The Sequential Process**

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work activity that is both substantial and gainful. 20 C.F.R. §§ 404.1572, 416.972. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant has engaged in SGA, disability benefits are denied regardless of his medical condition, age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant has not engaged in SGA, the analysis proceeds to the second step. Here, the ALJ found that Plaintiff did not engage in SGA during the period from his alleged onset date of February 5, 2019 through the date last insured of December 31, 2022. AR 18.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and

**MEMORANDUM DECISION AND ORDER - 4**

meets the duration requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1522, 416.922. If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). Here, the ALJ found that Plaintiff has the following severe medically determinable impairments: "status post-left total knee arthroplasty (TKA), status post-right rotator cuff repair, degenerative disc disease of the lumbar spine, chronic pain syndrome, obesity, and right carpal tunnel syndrome." AR 18.

The third step requires the ALJ to determine the medical severity of any impairments, that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal one of the listed impairments, the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the ALJ concluded that, through the date last insured of December 31, 2022, Plaintiff's above-listed medically determinable impairments, while severe, do not meet or medically equal, either

**MEMORANDUM DECISION AND ORDER - 5**

singly or in combination, the criteria established for any of the qualifying impairments. AR 14-16.

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's RFC is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. §§ 404.1545, 416.945. An individual's past relevant work is work he performed within the last 15 years, or 15 years prior to the date that disability must be established, if the work lasted long enough for the claimant to learn to do the job and be engaged in SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. Here, the ALJ concluded:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently, can stand and walk for 2 hours, can sit for 6 hours, and can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds. The claimant can occasionally reach overhead with the dominant right upper extremity and can frequently handle, finger, and feel with the bilateral upper extremities. The claimant cannot have concentrated exposure to extreme cold and vibration and cannot have any exposure to hazards including unprotected heights and dangerous moving machinery.

AR 20-27.

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to

**MEMORANDUM DECISION AND ORDER - 6**

demonstrate that such alternate work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014). If the claimant can do such other work, he is not disabled; if the claimant cannot do other work and meets the duration requirement, he is disabled. Here, the ALJ found that, through the date last insured, Plaintiff was not capable of performing his past relevant work as an industrial truck driver, resaw machine operator, and superintendent (as actually or generally performed). AR 28. Even so, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, he was able to work as a parking lot attendant, merchandise marker, non-postal mail sorter, routing clerk, document preparer, addresser, and nut sorter. AR 28-29. Based on these findings, the ALJ concluded that Plaintiff was not disabled. AR 29.

**B.     Analysis**

Plaintiff's challenge on appeal relates to the ALJ's consideration of his subjective complaints surrounding his manipulative limitations. According to Plaintiff, he cannot work, in part, due to problems with his hands. Specifically, Plaintiff testified to limitations perceiving temperature, grasping and holding, and feeling with his hands. AR 2251-54. Plaintiff's testimony portrayed severe debilitation; as examples, he claimed he could not grasp a pen and write, often dropped and spilled drinks, and could not turn a door knob or tie his shoes. *Id.* Plaintiff's written statements track these same complaints. *See* AR 246, 250 (Plaintiff noting in a January 20, 2022 "Function Report – Adult" that

**MEMORANDUM DECISION AND ORDER - 7**

he has trouble "using hands," which makes it "hard to put on socks and pants and shoes").[2]

As the trier-of-fact, the ALJ is in the best position to make credibility determinations and, for this reason, her determinations are entitled to great weight. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). When evaluating the reliability of such testimony, the ALJ engages in a two-step analysis. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if such objective medical evidence exists, and the ALJ has not determined that the claimant is malingering, the ALJ must provide clear and convincing reasons before rejecting the claimant's testimony regarding the severity of the claimant's symptoms. *Id.*

Generalized findings will not satisfy this standard. The reasons an ALJ provides for rejecting a claimant's symptom testimony "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony ...." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell*, 947 F.2d at 345-

---

[2] Of note, Plaintiff's earlier "Function Report – Adult," dated July 4, 2021, makes no specific reference to any trouble "using hands." *See* AR 234-35 (Plaintiff not indicating that his conditions affect his ability to use his hands) ; *but see* AR 230 (still commenting that it is "hard to put shoes and socks on").

**MEMORANDUM DECISION AND ORDER - 8**

46). In other words, "the 'clear and convincing' standard requires an ALJ to show his work." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

On appeal, the district court's role is to review, not redo, this work. If the ALJ's rationale for rejecting a petitioner's testimony is "clear enough that it has the power to convince," the Court must affirm whether the Court is personally persuaded by the analysis or not. *Smartt*, 53 F.4th at 499.

Here, the ALJ found that Plaintiff's impairments, including manipulative limitations, could reasonably be expected to cause the symptoms alleged, but that the above-referenced testimony concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. AR 21-27 (ALJ indicating within Plaintiff's RFC that Plaintiff has the ability to "frequently handle, finger, and feel with the bilateral upper extremities").[3] Plaintiff contends that the ALJ's justification in this regard does not amount to clear and convincing reasons for questioning Plaintiff's symptom testimony. Pl.'s Brief at 12-13 (Dkt. 18). The Court disagrees.

First, the ALJ found that Plaintiff's claims exceed the support in the medical record. AR 23-24. Specifically, whereas Plaintiff contends that his pain and numbness in his hands were altogether debilitating, the ALJ noted how an August 2021 consultative examination with Kurt L. Reintjes, M.D., painted a markedly different picture. AR 23,

---

[3] The Social Security Administration has provided specific instructions to ALJs on how to complete Steps 4 and 5 of the sequential process, including a list of terms to be used in RFC assessments, as well as their definitions. *See* Program Operations Manual System ("POMS") DI § 25001.001(A). The use of "frequently" in an RFC "means that the activity or condition occurs one-third to two-thirds of an 8-hour workday." POMS DI § 25001.001(A)(33).

**MEMORANDUM DECISION AND ORDER - 9**

25. To be sure, Dr. Reintjes observed that Plaintiff had (i) "intact dexterity for both fine and gross movements," (ii) "bilateral pinch strength of 5/5," and (iii) intact sensation throughout. *Id*. (citing AR 2020). As the treatment and examination evidence thus reasonably conflicted with the extent of Plaintiff's alleged limitations, such evidence was appropriately considered in assessing Plaintiff's subjective complaints. *See Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony.");[4] *see also Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in [her] credibility analysis.").

Plaintiff's citations to the record, showing that he suffers from carpal tunnel syndrome with associated pain and physical limitations, do not change the analysis. *See* Pl.'s Brief at 12 (Dkt. 18). It is undisputed that Plaintiff's medically determinable impairments include carpal tunnel syndrome; the ALJ stated as much, and concluded too that it was a severe impairment at Step 2 of the sequential process. AR 18. Importantly, the question here is not whether Plaintiff has carpal tunnel syndrome, but whether that condition prevented Plaintiff from working during the period of alleged disability. *See*

---

[4] Reviewing state agency medical consultant, Thomas Coolidge, M.D., also reviewed the record, including Dr. Reintjes's consultative examination. Dr. Coolidge opined that Plaintiff's manipulative limitations included frequent handling, figuring, and feeling (rather than unlimited). AR 68. The ALJ was entitled to credit this opinion as well because it was consistent with substantial other evidence in the record. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The ALJ found Dr. Coolidge's opinion in this respect "more persuasive, and actually *included* a more restrictive stooping limitation." AR 25.

**MEMORANDUM DECISION AND ORDER - 10**

*Mullis v. Astrue*, 2012 WL 71708, at *6 (C.D. Cal. 2012) ("the existence of some pain does not constitute a disability if it does not prevent Plaintiff from working") (citing *Thorne v. Schweiker*, 694 F.2d 170, 171 (8th Cir. 1982)); *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (the social security program is "intended to provide benefits to people who are unable to work; awarding benefits in cases of nondisabling pain would expand the class of recipients far beyond that contemplated by the statute."). On the latter question, the ALJ appropriately determined that it did not.

Second, the ALJ reasonably considered Plaintiff's lack of treatment – beyond pain medication – for his carpal tunnel syndrome. AR 24 (highlighting how the medical evidence "contains no indication of significant treatment for carpal tunnel syndrome, such as surgical intervention"). "[U]nexplained, or inadequately explained, failure to seek treatment" can constitute a clear and convincing reason for discounting a claimant's subjective symptom testimony. *Fair*, 885 F.2d at 603; *see also* SSR 16-3p, 2016 WL 1119029, at *8 (ALJ may give less weight to subjective statements where "the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subject's complaints ….").

Finally, the ALJ concluded that Plaintiff's daily activities suggested that his manipulative limitations were not as disabling as he claims. AR 27. This included shopping in stores, using the computer, writing notes, and doing light chores. *Id*. (citing AR 230-33, 247-49, 2257-58). In this way, the ALJ found that these activities signaled an ability to work, albeit with the limitations accounted for in Plaintiff's RFC. *Id*. (ALJ stating that, "while none of the claimant's activities of daily living are dispositive, taken

**MEMORANDUM DECISION AND ORDER - 11**

together and considered in conjunction with the medical evidence of record, they suggest that the claimant can perform work within the above parameters on a sustained continuous basis"). Where a claimant's reported activities conflict with the claimant's description of the severity of his pain-related limitations, that is a clear and convincing reason for discounting a claimant's assertion of disability. *See Bray v. Comm'r of Social Sec.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors."); *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination."); *Smartt*, 53 F.4th at 499 (a claimant's "daily activities 'may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.'") (quoting *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012)).

Together, these reasons provide clear and convincing support for the ALJ's conclusion that Plaintiff's testimony was not entirely credible. Crucially, the Court's task is not to determine whether Plaintiff is disabled under the governing statutes and regulations, or even whether he experiences chronic, disabling pain. Rather, in evaluating Plaintiff's credibility, the ALJ focused on whether Plaintiff's impairments prevented him from performing full-time work. On appeal, the Court's role is limited to reviewing the reasonableness or *that* determination.

On those points, Plaintiff identifies conflicting evidence in support of his position. Even though this conflicting evidence may not have been given the weight that Plaintiff

**MEMORANDUM DECISION AND ORDER - 12**

would have preferred, the ALJ's decision to question his subjective symptom allegations is supported by specific, clear and convincing reasons. The Court uses – as it must – that standard. *See Jones v. Berryhill*, 720 F. App'x 851, 852 (9th Cir. 2017) (where an ALJ's credibility findings rest "upon a reasonable interpretation of the record," the court may not usurp those findings with its own reweighing of the record). At bottom, to survive review, an ALJ's rejection of a claimant's subjective symptom testimony need not be perfectly unassailable, or even persuasive to the reviewing court; it only needs to be supported by substantial evidence and be specific and clear enough to have the "power to convince." *Smartt*, 53 F.4th at 499. The ALJ's credibility analysis meets this standard and will not be second-guessed given the justifications provided. *Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision.").

Remand is not warranted on this issue.[5]

---

[5] Notwithstanding Plaintiff's objections, the non-medical source statements from Plaintiff's wife, mother-in-law, and friend do not upend the analysis. *See* Pl.'s Brief at 11-12 (Dkt. 18). The Ninth Circuit has not yet definitively resolved whether an ALJ must continue to provide germane reasons before rejecting lay statements under the new regulations. *See Apple v. Bisignano*, 2025 WL 1525314, at *3 (9th Cir. 2025). Regardless, even if it can be argued that the ALJ did not sufficiently address them in her decision (beyond simply noting their existence (AR 21)), any such error is harmless. A failure to address nonmedical source evidence may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Johnson v. Kijakazi*, 2022 WL 3998572, at *2 (9th Cir. 2022). Courts recognize that an ALJ's failure to comment upon nonmedical source evidence is harmless "where the same evidence that the ALJ referred to in discrediting [the claimant's] claims also discredits [the nonmedical source's claims." *Molina*, 674 F.3d at 1122 (internal quotation marks omitted); *see also Valentine v. Comm'r of Soc. Sec. Admin.*, 574, 694 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting [plaintiff's] own subjective complaints, and because [the lay] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay] testimony."). Here, the non-medical

**MEMORANDUM DECISION AND ORDER - 13**

## IV. CONCLUSION

The ALJ, as fact-finder, must weigh the evidence, draw inferences from facts, and determine credibility. If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, the Court may not substitute its interpretation for that of the ALJ. The ALJ has provided reasonable and rational support for her conclusions, even if such evidence is susceptible to a different interpretation. Accordingly, the ALJ's decision as to Plaintiff's disability claim was based upon proper legal standards and supported by substantial evidence. The Commissioner's decision is affirmed and Plaintiff's Complaint (Dkt. 1) is denied.

## V. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the decision of the Commissioner is AFFIRMED, that Plaintiff's Complaint (Dkt. 1) is DENIED, and that this action is DISMISSED in its entirety, with prejudice.



DATED:  September 8, 2025

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

---

source statements parallel Plaintiff's subjective symptom testimony which was rejected by the ALJ with substantial evidence. *Supra*.

**MEMORANDUM DECISION AND ORDER - 14**